IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW FORREY HOLGERSON,

    Plaintiff,                               No. CIV S-06-0248 DFL PAN P

    vs.

MIKE KNOWLES,

    Defendants.                    FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983.  On February 27, 2006, plaintiff filed a request for a temporary restraining order.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the

1

emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In separate order the court found plaintiff's complaint so vague and conclusory it is impossible to determine whether it states a claim upon which relief could be granted and dismissed plaintiff's complaint with leave to amend. Plaintiff presently cannot show he is entitled to any preliminary relief.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's February 27, 2006, request for a preliminary restraining order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and

/////

/////

/////

/////

1  Recommendations." Failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 24, 2006.

                                        UNITED STATES MAGISTRATE JUDGE

9  \004;\holg0248.dny tro